Nancy Esperanza MATIZ, Petitioner,

v.

**UNITED STATES of America, Respondent.**

**Civil Action No. 97–10980–GAO.**

United States District Court, D. Massachusetts.

June 17, 1999.

Nancy Esperanza Matiz, Danbury, CT, pro se.

Kevin J. Cloherty, Asst. U.S. Atty., United States Attorney's Office, Boston, MA, for respondent.

### MEMORANDUM AND ORDER

O'TOOLE, District Judge.

In 1992, the petitioner Nancy Esperanza Matiz was tried and convicted of conspiring to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On January 4, 1994, her conviction was affirmed by the United States Court of Appeals. *United States v. Matiz,* 14 F.3d 79 (1st Cir. 1994). On April 28, 1997, the petitioner filed a pro se petition to vacate her sentence pursuant to 28 U.S.C. § 2255. In a Memorandum and Order dated February 5, 1998, the Court concluded that petitioner was not entitled to relief and dismissed the petition.

Now the petitioner has filed a pro se motion for transcript and access to trial records (Docket # 8). In her one-page motion, the petitioner simply alleges that

**84**

"[t]hese documents will assist her in researching for possible avenues of relief from the 292-month term of imprisonment for which she is currently confined."

■ The petitioner has not made an adequate showing of a particularized need for the transcripts. Her stated reason—that she might find a basis for another collateral attack on her conviction—does not satisfy the requirements of 28 U.S.C. § 753(f) (a transcript paid for by the government is available only if the trial judge "certifies that the appeal is not frivolous (but presents a substantial question")). Other than the motion for transcript, the petitioner has no pending matter before the Court. This Court is unable to certify that the petitioner is pursuing a matter which is not frivolous or that the transcripts are needed to decide the issue or issues presented by such a matter.

■ If at some point petitioner should seek to file a second post-conviction action, the Court notes, she faces two more obstacles before she can obtain any relief under § 2255. Second, because petitioner has already filed one § 2255 motion, she must obtain certification as provided in 28 U.S.C. § 2244 by the Court of Appeals for the First Circuit before she can pursue a second § 2255 motion.

Based upon the foregoing, it is hereby ORDERED that petitioner's motion for transcript and access to trial records (Docket # 8) is DENIED.